**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KELLY BALKIN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. GLS 21-1623 |
| | * |
| UNUM LIFE INSURANCE COMPANY, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Joint Status Report ("JSR") filed by the parties. (ECF No. 23). The parties dispute: (1) the applicable judicial standard of review for the decision made by the Unum's Benefit Plan administrator; and (2) whether any extra-record discovery will be permitted. (ECF No. 23, pp. 1-2). Specifically, Plaintiff Kelly Balkin ("Plaintiff") argues that if the applicable standard of review is an abuse of discretion by the administrator, then Plaintiff is entitled to discovery regarding an alleged financial conflict of interest in handling Plaintiff's claim. (ECF No. 23, p. 2). Alternatively, Plaintiff asserts that if the standard of review is *de novo*, then Plaintiff does not intend to pursue discovery. (ECF No 23, p. 2). Defendant Unum Life Insurance Company of America, ("Defendant" or "Unum'), counters that: (1) the abuse of discretion standard applies to the Court's review of Unum's administrative determination; and (2) extra-record discovery is prohibited in this case.

The Court has reviewed the JSR and relevant caselaw. The Court hereby ORDERS briefing, as set forth herein.

## A. STANDARD OF REVIEW: ADMINISTRATOR'S DECISIONS

In the JSR, Plaintiff did not advance any developed arguments about whether this Court should review the administrator's denial decision *de novo* or under an abuse of discretion standard. In contrast, the Defendant argues that caselaw makes clear that: this Court should apply the abuse of discretion standard of review because the plan confers discretion upon the administrator and the benefit plan is governed by District of Columbia law. (ECF No. 23, p. 3).

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), the Supreme Court held that, consistent with principles of trust law, "a denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115. If the administrator or fiduciary has "discretionary authority to make eligibility determinations, the review is for abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008).

The Fourth Circuit has held that in order to determine if a plan has conferred discretion upon an administrator, the Court looks for either: (1) language that "expressly creates discretionary authority;" or (2) terms that "create discretion by implication." *Woods v. Prudential Ins. Co. of America*, 528 F.3d 320, 322 (4th Cir. 2008) (citing *Feder v. Paul Revere Life Ins. Co.,* 228 F.3d 518, 522–23 (4th Cir. 2000)).

In this case, Unum's Benefit Plan ("the Plan") provides that "when making a benefit determination under the policy, Unum has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy." (ECF No. 22, p. 72). The pertinent Plan language continues as follows:

> The Plan, acting through the Plan Administrator, delegates to Unum and its affiliate
> Unum Group discretionary authority to make benefit determinations under the Plan

2

> . . . Benefit determinations include determining eligibility for benefits and the amount of any benefits, resolving factual disputes, and interpreting and enforcing the provisions of the Plan. All benefit determinations must be reasonable and based on the terms of the Plan and the facts and circumstances of each claim.

(ECF No. 22, pp. 108-109). Thus, this Court preliminarily finds that, consistent with the first category outlined in *Woods, supra*, the Plan's language seems to expressly confer discretionary authority upon the Plan's administrator. The Court further finds that the Plan's language seemingly manifests an intent to confer discretion upon the Plan's administrator. *Woods*, 528 F.3d at 322. Accordingly, as an initial matter, it appears that abuse of discretion is the appropriate standard, per *Glenn*, *Firestone*, and *Woods*.

There is an additional issue that must be resolved before the Court concludes that abuse of discretion is the standard to apply, however. In the JSR, the Defendant further argues that because the Plan states that it is governed by District of Columbia law, the Court should apply that law when interpreting the Plan. (ECF No. 23, p. 3).

Maryland is one of many states that has enacted laws prohibiting the enforcement of discretionary clauses in insurance contracts. *Weisner v. Liberty Life Assurance Company of Boston*, 192 F. Supp. 3d 601, 609, 610 n.9 (D. Md. 2016) (applying *de novo* review where Maryland law governed plan, reasoning that Md. Code Ann., Ins. §12-211 (b) (West 2021) prohibited enforcement of discretionary clauses in insurance contracts and that this state law was not preempted by ERISA)); *see also Shupe v. Hartford Life & Accident Ins. Co.*, 19 F. 4th 697, 706 (4th Cir. 2021) (applying *de novo* review where parties stipulated that the language granting discretionary authority was void under Illinois law).  According to the Defendant, District of Columbia law does not have an equivalent statute regarding discretionary clauses. (ECF No. 23, p. 3).

Assuming that the aforementioned is true, the precise issue for this Court to decide is whether the Plan's denial decision shall be reviewed for abuse of discretion where: (1) the plan confers discretion; (2) the forum state (Maryland) prohibits discretionary clauses; and (3) the Plan contains a choice of law provision selecting the law of an entity (D.C.) that does not prohibit discretionary clauses.

The issue, as the Court has framed it, does not appear to have been addressed in the Fourth Circuit. However, the Fifth, Eighth, Ninth, and Tenth Circuits have addressed this precise issue by ultimately enforcing the choice of law provisions and applying discretionary review. *See Jimenez v. Sun Life Assur. Co. of Canada*, 486 F. App'x 398, 408 (5th Cir. 2012); *Brake v. Hutchinson Tech. Inc. Group Disability Income Ins. Plan*, 774 F.3d 1193, 1197 (8th Cir. 2014); *Fenberg v. Cowden Auto. Long Term Disability Plan*, 259 Fed. Appx. 958, 959 (9th Cir. 2007); *Ellis v. Liberty Life Assurance Co. of Boston*, 958 F.3d 1271, 1288-1289 (10th Cir. 2020).

In particular, the Fifth Circuit, using federal common law choice of law principles, enforced the choice of law provision, noting that under any of the other Circuits' standards, the Plaintiff did not meet the burden of establishing that the choice of law provision should not be enforced. *Jimenez*, 486 F. App'x at 408. The Eighth and Ninth Circuits enforce the choice of law provision "if not unreasonable or fundamentally unfair." *Brake*, 774 F.3d at 1193; *Wang Laboratories, Inc. v. Kagan*, 990 F.2d 1126, 1128–29 (9th Cir. 1993). So, too, does the Eleventh Circuit. *See Buce v. Allianz Life Ins. Co.*, 247 F.3d 1133, 1149 (11th Cir. 2001) (citing *Wang Laboratories*, 990 F.2d at 1128-29) (enforcing a choice of law provision in an ERISA case where the provision selected the law of a state whose definition of "accidental means" was dispositive). The Tenth Circuit, using federal choice of law principles, enforces the choice of law provision if "the plan has a legitimate connection to the State whose law is chosen." *Ellis*, 958 F.3d at 1288.

4

The Sixth Circuit engages in a different analysis. Specifically, the Sixth Circuit, using federal common law choice of law principles, has utilized the Restatement (Second) of Conflict of Laws § 187 to decide whether to enforce the choice of law provision. *DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 923 (6th Cir. 2006) (holding that the choice of law provision could not be enforced).

In sum, the Court concludes that further briefing is necessary, as set forth below.

**B.  DISCOVERY**

The parties also dispute the need for extra-record discovery. Plaintiff contends that she is entitled to discovery regarding Unum's financial conflict of interest. (ECF No. 23, p.2). Defendant counters that Plaintiff is not entitled to discovery because she makes only a generalized allegation of potential bias rather than a conflict of interest specific to her claim. (ECF No. 23, pp. 3-4).

The general rule in ERISA cases is that judicial review of a plan administrator's decisions is limited to the evidence presented to the plan administrator at the time of decision, i.e., the administrative record. *See Helton v. AT&T Inc.*, 709 F.3d 343, 352 (4th Cir. 2013) (noting that "the administration of ERISA plans should be left to plan fiduciaries, not federal courts"). However, the Supreme Court has held that a plan administrator that both evaluates a claim and pays a claim for benefits operates under a structural conflict of interest. Thus, courts must consider such a conflict of interest when determining whether an administrator abused its discretion. *Glenn*, 554 U.S. at 112 (citing *Firestone*, 489 U.S. 101).

In this District, courts have held that the Supreme Court's decision in *Glenn* may have "opened the door" to additional discovery under certain circumstances. *See, e.g., Clark v. Unum*, 799 F. Supp. 2d 527, 532-33 (D. Md. 2011) (holding that extra-record discovery may be allowed where an administrator has a structural conflict of interest and the administrative record does not

5

contain enough information for the court to determine the likelihood that the conflict influenced the particular benefits decision at issue); *Chughtai v. Metropolitan Life Ins. Co.*, Civ. No. PWG-19-848 2019 WL 4199036 at *1 (Sept. 5, 2019) (allowing extra-record discovery, where plaintiff established that administrative record did not provide sufficient evidence to address her assertion that administrator's decision was affected by bias); *Patel v. United of Omaha Life Ins. Co.*, Civ. No. DKC-12-0880, 2012 WL 2370129, at *2 (D. Md. June 21, 2012) (denying request for extra-record discovery as premature where administrative record had not yet been produced).

Put another way, a plaintiff seeking extra-record discovery needs to assert "particularized facts that render extra-record discovery necessary to explore the [administrator's] conflict of interest in adjudication of her particular claim," and provide a "basis for the court to determine whether such discovery would fill gaps in the record." *Reidy*, 2017 WL 6368659, at *2-*3 (denying extra-record discovery where claimant merely alleged a general structural conflict of interest). In *Clark*, Judge Bredar ordered supplemental briefing on the question of whether the information in the administrative record was "sufficient to determine the extent, if any, to which Defendant's conflict of interest influenced its decision to deny Plaintiff's claim for long-term disability benefits." *Clark*, 799 F. Supp. 2d at 533-534.

In this case, Plaintiff has suggested that Unum has a financial conflict of interest. (ECF No. 23, p. 2). Indeed, she is seeking discovery to explore the impact of such a conflict. If a structural conflict of interest exists, then more information is needed to determine whether extra-record discovery is needed to "fill gaps" in the administrative record, consistent with *Glenn*. The burden of proof is on Plaintiff. If the Plaintiff can make particularized allegations about the adjudication of her claim and show how the discovery she seeks is necessary for the Court to evaluate a potential conflict of interest, then she is entitled to that discovery. *Reidy*, 2017 WL 6368659, at *2-*3.

In sum, the Court believes that limited briefing on the following three issues is appropriate: (1) whether the choice of law provision in the Plan applies; (2) whether Unum has a structural conflict of interest; and (3) whether the ERISA record contains the information necessary for the Court to determine the likelihood that any conflict of interest influenced Plaintiff's benefit decision.

The briefing schedule and page limits associated with the pleadings are as follows:

| Pleading | Page Limit | Due Date |
|---|---|---|
| Plaintiff's Motion | 8 pages, double spaced | April 29, 2022 |
| Defendant's Response[1] | 5 pages, double spaced | May 13, 2022 |
| Plaintiff's Reply | 3 pages, double spaced | May 20, 2022 |

After resolving the precise issue, the Court will impose deadlines for cross motions for summary judgment.

Date: April 18, 2022

/s/
The Honorable Gina L. Simms
United States Magistrate Judge

---

[1] If the Court has adequately captured the Defendant's arguments, then no briefing is required by it. In that circumstance, the Defendant should file a brief letter so stating by the deadline.